IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER R. PATRICK**, | Case No. 3:25-cv-265-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **DONALD J. TRUMP** and **J.D. VANCE,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Christopher R. Patrick, proceeding *pro se*, sues President Donald J. Trump and Vice President J.D. Vance. He alleges that President Trump violated Section 3 of the Fourteenth Amendment by "engag[ing] in an Insurrection" on January 6, 2021. *See* ECF 1 at 1. He further alleges that after January 6, 2021, President Trump and Vice President Vance have "given aid and comfort to the Insurrectionists," including by "pardon[ing] those who pled guilty or were found guilty of Insurrection." *Id.* He asks the Court to remove President Trump and Vice President Vance from office. *Id.*

PAGE 1 – ORDER

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on March 5, 2025. Judge Hallman recommended that this Court *sua sponte* dismiss Plaintiff's complaint with prejudice and without leave to amend. Judge Hallman explained that Plaintiff does not allege facts sufficient to demonstrate personal standing, and that the question of whether the President and Vice President are fit for office and subject to removal is a political question resting with Congress and excluded from judicial review. Neither party filed objections.[1]

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal

---

[1] Defendants have not been served.

Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Hallman's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Hallman's Findings and Recommendation, ECF 7. The Court DISMISSES with prejudice Plaintiff's complaint. The Court further finds that any appeal from this Order would be "frivolous" as that term is used in 28 U.S.C. § 1915(e)(2) and thus would not be taken in "good faith" as that term is used in the statute. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge